# EXHIBIT A

**ELECTRONICALLY FILED**
DOC ID: 22979770
CASE NO: 2023-CH-0000033
DATE: 6/2/2023 11:20 AM
BY: J P, DEPUTY

## IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT
## WINNEBAGO COUNTY, ILLINOIS

| | | |
|---|---|---|
| AL ANTHONY VILACASILLAS, | ) | |
| | ) | |
| *Petitioner,* | ) | |
| | ) | |
| v. | ) | **2023-CH-0000033** |
| | ) | |
| EDWARD ROSE ASSOCIATES, L.L.C. | ) | |
| d/b/a "Beacon Hill Apartments", and EDWARD | ) | |
| ROSE PROPERTIES, INC. d/b/a "Edward Rose | ) | |
| and Sons", | ) | |
| | ) | |
| *Defendants.* | ) | |

### COMPLAINT AT LAW AND EQUITY

Plaintiff Al Anthony Vilacasillas, by and through his undersigned counsel, hereby respectfully complains and alleges against Defendants, Edward Rose Properties, Inc. d/b/a "Edward Rose and Sons" and Edward Rose Assoc., L.L.C. d/b/a "Beacon Hill Apartments", as follows:

### General Allegations Common to All Counts

1. Plaintiff is a natural person and resident of the State of Illinois.

2. On or about April 8, 2023, Plaintiff entered into a one-year written lease agreement for the residential apartment located at 5237 Linden Road Apt. #8107, in Rockford, Illinois (the "subject matter property").

3. Defendants are the record owners, lessors, and/or landlords for the subject matter property.

4. The people of the United States, by and through their duly elected Congress, enacted a statute codified at 42 U.S.C. 3601 *et seq*. and commonly referred to as the Fair Housing Act ("FHA"). The FHA was in force and effective at all times herein relevant.

5. Plaintiff suffers from a mental illness for which he is prescribed a service dog as an assistive

Doc ID: 47790033ab9c75862cbc62a5a59ab17bbf6d5315

animal by an Illinois licensed medical doctor.

6. Plaintiff's illness is a "handicap" or "disability" as those terms are defined by the FHA.

7. Plaintiff's service dog is an assistive animal which provide "necessary services" to Defendant as provided for by 73 FR 63834.

8. Notably, federal regulations governing fair housing, including without limitation 73 FR 63834, make no distinction between what it refers to as "assistance animals," "service animals," "support animals," or "therapy animals," and in fact uses those terms equivalently and interchangeably.

9. Assistive animals are required accommodations under the Fair Housing Act, 42 U.S.C. 3601 et seq. ("FHA"). See also *United States v. Barber*, No. C13-5539 BHS, at *3 (W.D. Wash. Sep. 30, 2014) ("[The housing provider's] requirement that an assistance animal be trained by a certified trainer of assistance animals, or at least by a highly skilled individual, has no basis in law or fact.").

10. At all times herein relevant, Plaintiff had a valid prescription from a medical provider for the animals in question.

11. Plaintiff made repeated requests to the Defendants to grant him a reasonable accommodation in the form of the medically prescribed assistive animal.

12. In fact, Plaintiff asked about his service dog before he moved into the subject matter property.

13. Plaintiff told Defendants on multiple occasions that he could not live without his service dog and as such permission for the service dog was a condition of the lease.

14. In response, Plaintiff was repeatedly reassured by multiple employees of Defendants before he applied that his service dog was acceptable and would be permitted.

Doc ID: 47790033ab9c75862cbc62a5a59ab17bbf6d5315

15. Plaintiff provided Defendants with all requested paperwork for his service dog with his lease application, including a medical prescription and proof that the animal was trained and certified.

16. After Plaintiff was approved for the subject matter property, he was again reassured multiple times by Defendants that his service dog was accepted and would not be a problem.

17. Before Plaintiff moved in, he *again* asked Defendants a third time if his service dog would be a problem.

18. A third time, he was assured by multiple employees of Defendants before he moved in that his service dog was acceptable and would be permitted.

19. After Plaintiff moved in, Defendant issued Plaintiff a lease violation notice for the presence of his service dog and informed him his service dog would not be permitted.

20. On or about May 1, 2023, Plaintiff, through undersigned counsel, sent a letter to Defendants via electronic mail and UPS, informing Defendants that their denial was unlawful and requesting that Defendants approve the service animal and preserve all documents related to the request.

21. Defendants ignored that letter.

22. On or about May 21, 2023, Plaintiff, through undersigned counsel, sent a second letter to Defendants.

23. In response, Defendants' Regional Property Manager, Carrie Bock, sent an email requesting information not required by the Fair Housing Act.

24. That information included specifics on how and when Plaintiff was seen by his medical doctor, and proof that his doctor, who is licensed in Illinois, actually practices in Illinois.

Doc ID: 47790033ab9c75862cbc62a5a59ab17bbf6d5315

25. Moreover, on June 1, 2023, in retaliation for Plaintiff retaining counsel, Defendants issued a ten-day notice of termination to Plaintiff.

26. That termination notice listed the reason as the presence of Plaintiff's service animal.

### COUNT I – VIOLATIONS OF 42 U.S.C. 3604(f) OF THE FAIR HOUSING ACT

27. Plaintiff restates and re-alleges paragraphs 1-26 of this Complaint as if fully set forth herein.

28. The people of the state of Illinois, by and through their duly elected Congress, enacted a statute codified at 42 U.S.C. 3601 *et seq*. and commonly referred to as the Fair Housing Act ("FHA"). The FHA was in force and effective at all times herein relevant.

29. Plaintiff's medical condition constitutes a "handicap" or "disability" as that term is defined by 42 U.S.C. 3602(h) of the FHA.

30. Plaintiff's request for medically prescribed assistive animals constituted a request for a reasonable accommodation within the meaning of 42 U.S.C. 3604(f)(3) of the FHA.

31. Plaintiff's request was made so he will be able to use he unit to the full and same extent as a non-disabled person.

32. Defendants violated this provision through one or more of the following acts and/or omissions:

    a. Denying Plaintiff's request for his service animal;

    b. Issuing a lease violation because Plaintiff has a service animal;

    c. Issuing a ten-day notice of lease termination because Plaintiff has a service animal;

    d. Creating arbitrary requirements outside the FHA and its regulations for approval of a service animal;

    e. Other acts and/or omissions as set forth herein.

Doc ID: 47790033ab9c75862cbc62a5a59ab17bbf6d5315

**33.** Defendant's refusal violates Section 3604 of the FHA and entitles Plaintiff to damages, costs, and attorney fees under Section 3613 of the FHA.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in his favor and against Defendants in an amount to be proven at trial but not less than $100,000, plus costs, attorney fees, and whatever additional relief this Court deems appropriate.

## COUNT II – VIOLATIONS OF 42 U.S.C. 3617 OF THE FAIR HOUSING ACT
### Action for Injunctive Relief

**34.** Plaintiff restates and re-alleges paragraphs 1-33 of this Complaint as if fully set forth herein.

35. Pursuant to Section 3617 of the FHA, it is unlawful "It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617.

36. Plaintiff's request to be allowed his assistive animal was protected conduct within the meaning of Section 3617.

37. Plaintiff's retention of counsel to enforce his right to be allowed his assistive animal was protected conduct within the meaning of Section 3617.

38. By issuing a ten-day notice of termination with actual knowledge that Defendant's animal is a service animal, Plaintiff violated Section 3617's prohibition on retaliation.

39. Pursuant to Section 3613 of the FHA, "if the court finds that a discriminatory housing practice has occurred or is about to occur, the court may award to the plaintiff actual and punitive damages, and . . . may grant as relief, as the court deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order (including

Doc ID: 47790033ab9c75862cbc62a5a59ab17bbf6d5315

an order enjoining the defendant from engaging in such practice or ordering such affirmative action as may be appropriate)." 42 U.S.C. § 3613.

40. Plaintiff has no adequate remedy at law for the loss of his home.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in his favor and against Defendants in the form of an order enjoining and prohibiting Defendants from evicting or attempting to evict Plaintiff for the presence of his service animal, plus costs, attorney fees, and whatever additional relief this Court deems appropriate.

## COUNT III – VIOLATIONS OF 42 U.S.C. 3617 OF THE FAIR HOUSING ACT
### Action for Money Damages

41. Plaintiff restates and re-alleges paragraphs 1-40 of this Complaint as if fully set forth herein.

42. Pursuant to Section 3617 of the FHA, it is unlawful "It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617.

43. Plaintiff's request to be allowed his assistive animal was protected conduct within the meaning of Section 3617.

44. Plaintiff's retention of counsel to enforce his right to be allowed his assistive animal was protected conduct within the meaning of Section 3617.

45. By issuing a ten-day notice of termination with actual knowledge that Defendant's animal is a service animal, Plaintiff violated Section 3617's prohibition on retaliation.

46. Pursuant to Section 3613 of the FHA, "if the court finds that a discriminatory housing practice has occurred or is about to occur, the court may award to the plaintiff actual and punitive damages, and . . . may grant as relief, as the court deems appropriate, any

Doc ID: 47790033ab9c75862cbc62a5a59ab17bbf6d5315

permanent or temporary injunction, temporary restraining order, or other order (including

an order enjoining the defendant from engaging in such practice or ordering such

affirmative action as may be appropriate)." 42 U.S.C. § 3613.

47. Plaintiff has no adequate remedy at law for the loss of his home.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in his favor and against Defendants in the form of an order enjoining and prohibiting Defendants from evicting or attempting to evict Plaintiff for the presence of his service animal, and whatever additional relief this Court deems appropriate.

Respectfully Submitted,
AL ANTHONY
VILACASILLAS,


/s/ Sheryl Ring Weikal
By their counsel,
Sheryl Ring, Esq.

Sheryl Ring Weikal, Esq. #6311043/#62447
518 South Route 31, Suite 113
McHenry, Illinois 60050
(847) 975-2643
sheryl@sherylringlaw.com


## VERIFICATION

I, AL ANTHONY VILACASILLAS, state and affirm under penalty of perjury pursuant to Section 1-109 of the Illinois Code of Civil Procedure that the facts set forth herein are true, correct, and complete to the best of my knowledge and belief.

**Dated:** 06 / 01 / 2023

Doc ID: 47790033ab9c75862cbc62a5a59ab17bbf6d5315

 **Dropbox** Sign                                                      Audit trail

| | |
|---|---|
| **Title** | Vilacasillas Complaint.pdf |
| **File name** | Vilacasillas%20Complaint.pdf |
| **Document ID** | 47790033ab9c75862cbc62a5a59ab17bbf6d5315 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

**This document was requested from app.clio.com**

## Document History

| | | |
|---|---|---|
| ↱ SENT | **06 / 01 / 2023** 20:59:21 UTC | Sent for signature to AL ANTHONY VILACASILLAS (al.vilacasillas.97@gmail.com) from sheryl@sherylringlaw.com IP: 172.58.166.1 |
| ◉ VIEWED | **06 / 01 / 2023** 22:22:49 UTC | Viewed by AL ANTHONY VILACASILLAS (al.vilacasillas.97@gmail.com) IP: 172.59.191.44 |
| ⟋ SIGNED | **06 / 01 / 2023** 22:41:04 UTC | Signed by AL ANTHONY VILACASILLAS (al.vilacasillas.97@gmail.com) IP: 172.59.191.44 |
| ✓ COMPLETED | **06 / 01 / 2023** 22:41:04 UTC | The document has been completed. |